## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

V.S.P.H.,

           Petitioner,

      v.

LUIS SOTO, et al.,

           Respondents.

Civil Action No. 25-18835 (SDW)


OPINION

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner V.S.P.H.  (ECF No. 1).

2.      Respondents Delaney Hall Detention Facility Warden Luis Soto, Acting Director of ICE Todd Lyons, Department of Homeland Security ("DHS") Secretary Kristi Noem, and Attorney General Pamela Bondi oppose the Petition.  (ECF No. 11).

3.      Petitioner is a citizen of Honduras.  (ECF No. 1 ¶ 23).  She entered the United States without inspection on March 8, 2005.  (ECF No. 12 at 1).  She was arrested by the Border Patrol that same day.  (*Id.* at 2).  She was issued a Notice to Appear ("NTA") charging her with being a noncitizen present without being admitted pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (*Id.*)  She was eventually released on an order of release on recognizance.  (*Id.* at 3).

4.      An immigration judge ordered Petitioner removed to Honduras on August 8, 2005.  (*Id.*)

5.      Petitioner surrendered on September 15, 2014 at the Newark ICE Field Office and was released on an order of supervision ("OSUP").  (*Id.*)

6.    On August 8, 2018, Petitioner filed "an Application for Advance Permission to Enter as a Non-Immigrant (Form I-192) and a Petition for U Non-Immigrant Status (Form I-918), which are both currently pending." (*Id.*)

7.    On December 15, 2025, Petitioner was detained after a routine OSUP check-in. (ECF No. 1 ¶ 23).

8.    Petitioner argues that Respondents violated her Due Process rights when they revoked her OSUP without a change in her circumstances. (*Id.* ¶ 109).  She asks this Court to release her from custody "without any conditions imposed on Petitioner's liberty and restore her prior OSUP conditions unlawfully revoked under the same or substantially similar conditions as previously imposed … ." (*Id.* at 62).

9.    Respondents oppose the Petition, asserting that Petitioner is properly detained pursuant to 8 U.S.C. § 1231 as she is subject to a final order of removal. (ECF No. 11 at 1).  They further argue that 8 U.S.C. § 1252(g) strips this Court of subject matter jurisdiction over Petitioner's challenges to the decision to commence removal proceedings. (*Id.* at 3).

10.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.    Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process.  Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J.*

*G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).  Her later transfer does not divest this Court of habeas jurisdiction.

12.     However, Petitioner is subject to a final order of removal, which limits this Court's subject matter jurisdiction over her claims.  *See Khalil v. President, United States*, 164 F.4th 259, 265 (3d Cir. 2026) (distinguishing between habeas jurisdiction and subject matter jurisdiction).

13.     Section 1252 of Title 8 instructs that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

14.     However, "this bar 'does not sweep broadly. It reaches only these three specific actions, not everything that arises out of them.'"  *Mantilla Marcano, et al. v. Warden of Philadelphia Fed. Det. Ctr.*, No. 26-cv-0239, 2026 WL 196504, at *2 (E.D. Pa. Jan. 26, 2026) (quoting *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 296 (3d Cir. 2020)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings.")

15.     The Third Circuit has "distinguished between detention-specific claims, which are collateral to petitions for review, and detention claims which are 'inextricably linked' to removal and must be channeled to petitions for review under § 1252(b)(9)."  *Mantilla Marcano*, 2026 WL 196504, at *2 (citing *Khalil*, 164 F.4th at 274).

16.     This Court finds that it has subject matter jurisdiction over Petitioner's claim that Respondents failed to follow their own procedures before detaining Petitioner.

17.    This question is a narrow claim that Respondents lack lawful authority to treat Petitioner's OSUP as terminated and to detain her on that basis absent compliance with Respondents' own regulations governing the termination of OSUP.  *See Mantilla Marcano*, 2026 WL 196504, at *2 (finding that *Khalil*'s interpretation of § 1252(b)(9) did not prohibit court's examination of whether government complied with procedures to revoke parole).  "This is a claim about the legality of [Petitioner's] detention, not a request to review the merits of a removal proceeding.  Therefore, § 1252(b)(9) does not bar the Court's review."  *Id.*

18.    Here, Petitioner's argument that Respondents failed to follow their own procedures before detaining her has no bearing on the validity of her removal order.  Her "question is not 'the very issue decided through the PFR process,' nor is it capable of review once the immigration courts issue a final order on removal."  *Kourouma v. Jamison*, No. 26-cv-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) (quoting *Khalil*, 164 F.4th at 276).

19.    "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

20.    It is undisputed that Petitioner has a final order of removal and that DHS released her pursuant to an OSUP on September 15, 2014.  (ECF No. 12 at 3).  There is no allegation that Petitioner violated the terms of her release.

21.    A "decision to re-detain a noncitizen … who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future."  *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023); *see also* 8 C.F.R. § 241.13.

22.    Section 241.13(i)(2) "clearly indicates, upon revocation of supervised release, it is the Government's burden to show a significant likelihood that the noncitizen may be removed." *Pan v. Oddo*, No. 3:25-cv-00265, 2025 WL 3960013, at *2 (W.D. Pa. Dec. 1, 2025), *report and recommendation adopted*, No. 3:25-cv-265, 2025 WL 3701296 (W.D. Pa. Dec. 21, 2025).

23.    Respondents have not met this burden.  Petitioner was detained nearly two months ago, but there is no documentation showing that DHS revoked Petitioner's OSUP prior to detaining her.  This Court conducted a hearing on February 6, 2026, and Respondents were still unable to produce documentation of revocation or even a reason behind Petitioner's detention.

24.    Therefore, this Court finds that Respondents failed to comply with their own procedures before detaining Petitioner in violation of her due process rights.[1]

25.    Respondents shall be ordered to release Petitioner within 24 hours, subject to and in accordance with the conditions of her preexisting order of supervision.  Respondents shall coordinate with Petitioner regarding a return to Petitioner's home.

26.    An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 10, 2026

---

[1] As this Court is granting relief on Petitioner's due process argument, it need not consider her other arguments.  The motion for a temporary restraining order or preliminary injunction at ECF No. 3 will be dismissed as moot.